UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 8, 2016

LETTER TO COUNSEL

    RE: *Sean Edwa Denton-Brown v. Commissioner, Social Security Administration*;
         Civil No. SAG-15-1269

Dear Counsel:

    On May 4, 2015, Plaintiff Sean Denton-Brown petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Ms. Denton-Brown filed a claim for benefits on July 28, 2011, alleging a disability onset date of March 19, 2011. (Tr. 112-13). Her claim was denied initially and on reconsideration. (Tr. 75-79, 81-83). A hearing was held on November 18, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 26-55). Following the hearing, the ALJ determined that Ms. Denton-Brown was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-25). The Appeals Council denied Ms. Denton-Brown's request for review. (Tr. 1-5). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

    The ALJ found that Ms. Denton-Brown suffered from the severe impairments of "Degenerative Disk Disease, Arthritis of Bilateral Knees and Hips, Obesity, Panic Disorder without agoraphobia and Depression." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Denton-Brown retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except with the opportunity to alternate sitting/standing at will that does not require crawling or climbing ladders, ropes or scaffolds; no more than occasional climbing ramps/stairs, balancing, crouching, kneeling, and stooping; no more than a concentrated exposure to hazards; and she is further limited to work that is simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks in a work environment involving only simple work related decisions; with few, if any,

>   work place changes; and no more than occasional interaction with the general public, supervisors or co-workers.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Denton-Brown could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 20-21).

On appeal, Ms. Denton-Brown raised two arguments: (1) that the ALJ erred in assigning weight to the opinions of her treating physicians; and (2) that the ALJ's analysis did not comport with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I concur with Ms. Denton-Brown's position that *Mascio* requires remand of this case. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Denton-Brown was not entitled to benefits was correct or incorrect.

Beginning with the unsuccessful argument, I find no error in the assignments of weight to Ms. Denton-Brown's two treating sources. With respect to her treating therapist, Dr. Yirenkyi, the ALJ "rejected" the opinion as "inconsistent with the medical evidence of record, the claimant's testimony and function reports of her activities and treatment records." (Tr. 19). The ALJ included in his discussion specific evidence he relied upon, including Ms. Denton-Brown's "[ability] to engage in a wide range of activities," "[ability] to leave the house unaccompanied for shopping up to 2-4 hours," relatively mild symptoms reflected in Dr. Yirenkyi's own treatment notes, and significant improvement on medications. (Tr. 15-16, 18). Thus, I am able to ascertain the basis for the "rejection" of the opinion that Ms. Denton-Brown suffers from marked limitations in the relevant functional areas. Ms. Denton-Brown also contests the "rejection" of the opinions of her treating nurse practitioner, Meghan Greeley, who opined on two occasions as to the effect of her physical and mental limitations on her ability to work.[1] (Tr. 19). Ms. Denton-Brown is correct that, even though Ms. Greeley is not a medical source, her opinions are entitled to evaluation. Pl. Mot. 15. However, the ALJ did evaluate the substance of Ms. Greeley's opinions, providing both a detailed summary of their contents and notes as to the inconsistencies the ALJ found between the opinions. Therefore, the ALJ provided substantial evidence to support his apparent assignment of no weight to those opinions.

However, Ms. Denton-Brown correctly contends that remand is required under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which was that the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other

---

[1] Because the case is being remanded on other grounds, on remand the ALJ should make an express assignment of weight (even if it is "no weight") to the medical opinions, rather than employing the term "reject."

circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

This case is partially distinguishable from *Mascio*. At step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Ms. Denton-Brown has "moderate difficulties." (Tr. 15). The entirety of the step three analysis states:

> The claimant reported problems with memory. However, the claimant reported hobbies of reading and watching television, but she has reported no difficulties understanding what she reads or watches. The claimant retains sufficient concentration to use public transportation, shop, watch television, and perform her current household tasks. Overall, the impairment in concentration, persistence or pace is not more than moderate.

(Tr. 15-16). That analysis, and some additional discussion in the RFC section of the opinion, indicates that the ALJ felt that Ms. Denton-Brown's ability to concentrate would not present a serious impediment to her ability to work. However, according to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The

>   decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4).

As noted above, the ALJ imposed a RFC restriction to "work that is simple as defined in the DOT as SVP levels 1 and 2, routine and repetitive tasks in a work environment involving only simple work related decisions; with few, if any, workplace changes; and no more than occasional interaction with the general public, supervisors or co-workers." (Tr. 16). The latter part of the assessment imposes a restriction corresponding with the ALJ's finding of moderate difficulties in social functioning. (Tr. 15). However, there is no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace. The Commissioner suggests that the ALJ found that the moderate limitation in concentration, persistence, or pace only applied if Ms. Denton-Brown was subjected to work around crowds and stress through work place changes. Def. Mot. 14. While that may be true, nothing in the ALJ's analysis provides any support for that contention. Ultimately, what is missing from the ALJ's opinion is an explanation as to why the ALJ believed Ms. Denton-Brown to have a "moderate limitation" instead of "mild" or "no" limitation in the ability to concentrate and perform work at a sustained pace for a prolonged period. Without an understanding of why the ALJ appears to have reached contradictory conclusions about whether Ms. Denton-Brown does or does not have moderate difficulties with concentration, persistence, or pace, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

For the reasons set forth herein, Ms. Denton-Brown's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge